### 15341. NELSON *v.* BRANNON.

STEPHENS, J. 1. This being a foreclosure by an assignee of a landlord's lien for supplies against a tenant, and the counter-affidavit containing no denial of any of the allegations in the affidavit of foreclosure, but the only defense made therein and presented by the evidence being that the defendant was fraudulently induced to execute the contract creating the lien, the insufficiency of the evidence, as to proof of a demand for payment having been made by the plaintiff upon the defendant, or as to the time when the lien was transferred to the plaintiff, will not be inquired into on a motion for a new trial by the defendant.

2. An allegation in the counter-affidavit filed by the defendant, that he is not indebted to the plaintiff in fi. fa. "in the way and manner set forth in any sum whatsoever," is insufficient as a denial of the allegations above referred to.

3. An instruction to the jury that if the defendant was fraudulently induced to execute the contract by the landlord or any person representing the landlord, the jury should find in favor of the defendant, is not error against the defendant because the court did not go further and instruct the jury that they should find for the defendant if he was fraudulently induced to execute the contract by the plaintiff or any one representing the plaintiff. Moreover, this latter defense was submitted to the jury, as the court elsewhere charged the jury that if the defendant had been defrauded "by any of the parties in this case," and the defendant believed that he was executing a mortgage when as a matter of fact he was executing a landlord's lien for supplies, the jury should find for the defendant.

4. The court, fairly to the defendant, instructed the jury upon the issue of fraud made by the counter-affidavit. The defendant admitted owing the amount sued for. No error of law appears, and the verdict rendered for the plaintiff was authorized under the law and the evidence.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 11, 1925.

Lien foreclosure; from city court of Floyd county—Judge Bale. January 12, 1924.

*James Maddox,* for plaintiff in error.
*Paul H. Doyal,* contra.